UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **Criminal Action No. 3:15-00221** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **ANTONIO D'ANDRE HOLMES** | **MAG. JUDGE KAREN L. HAYES** |

**MEMORANDUM RULING**

Pending before the Court is Defendant Antonio D'Andre Holmes ("Holmes") Motion and Request for Compassionate Release [Doc. No. 32] filed on October 1, 2020. For the reasons set forth herein, the motion is DENIED.

**I.    BACKGROUND**

On March 8, 2016, Holmes entered a plea of guilty to One Count of Distribution of Methamphetamine in violation of U.S.C. 21 § 841 [Doc. No. 22]. On June 20, 2016, Holmes was sentenced to 77 months [Doc. No. 29]. Later Holmes was given a 32-month consecutive sentence from a supervised release violation in another case [3:11-121 Doc. No. 53].

On October 1, 2020, Holmes filed a Motion and Request for Compassionate Release, asserting that his kidney disease, hypertension, pre-diabetes, obesity and weakened immune system make him particularly vulnerable to becoming seriously ill from COVID-19 should he contract the disease in prison. Holmes is currently incarcerated at Forrest City MED MCI.

On October 13, 2020 [Doc. No. 38], the USA filed a Response, conceding that Holmes has at least one health condition recognized by the Centers for Disease Control as a COVID-19 risk factor, thus comprising an "extraordinary and compelling reason". However, the USA responds that compassionate release should be denied, as Holmes has not demonstrated that he is not a danger to the sanctity of any other person or the community, and/or that his release is consistent with 18 U.S.C.

§ 3553(a) factors.

## II.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

The USA concedes that Holmes has exhausted his administrative remedies in submitting a request for relief to BOP, which was denied on June 29, 2020. Therefore, Holmes has exhausted his administrative remedies.

*United States v. Franco,* ____F3d___, 2020 WL 5249369 (5th Cir. Sept. 3, 2020); 18 U.S.C. § 3582(c)(1)(A).

## III.  LAW AND ANALYSIS

A judgment, including a sentence of imprisonment, "may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 825(2010). Under 18 U.S.C. § 3582(c), a court generally "may not modify a term of imprisonment once it has been imposed," except in three circumstances: (1) upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A); (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); and (3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. §3582(c)(2). Holmes moves to modify his sentence under 18 U.S.C. § 3582(c)(1)(A).

Prior to 2018, only the Director of the BOP could file these kinds of compassionate release motions. In 2018, Congress passed and President Trump signed the First Step Act, which among other actions, amended the compassionate release process. The First Step Act, § 3852(c)(1)(A), now allows prisoners to directly petition courts for compassionate release, upon exhausting their administrative remedies.

After a prisoner exhausts his administrative remedies, a district court may reduce a defendant's term of imprisonment if the court finds "extraordinary and compelling reasons warrant

such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3852(c)(1)(A)(i).

### A.     Extraordinary and Compelling Circumstances

The Sentencing Commission's policy statement regarding compassionate release is consistent with the statute and provides, in pertinent part, as follows:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
>> (1)   extraordinary and compelling reasons warrant the reduction; ....
>>
>> (2)   the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>>
>> (3)   the reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

In the commentary following the policy statement, the Sentencing Commission identifies three specific reasons that are considered "extraordinary and compelling" as well as one broader provision for reasons deemed "extraordinary and compelling":

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2) [regarding absence of danger to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:

    (A)   <u>Medical Condition of the Defendant.</u>—

    (i)   The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end stage organ disease, and advanced dementia.

3

    (ii) The defendant is—

      (I) suffering from a serious physical or medical condition,

      (II) suffering from a serious functional or cognitive impairment,
       or

      (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

  (B) <u>Age of the Defendant.</u>—The defendant

    (i) is at least 65 years old;

    (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and

    (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

  (C) <u>Family Circumstances.</u>

    (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

    (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

  (D) <u>Other Reasons.</u>

    As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G § 1B1.13cmt. n. 1.

  The defendant bears the burden to establish circumstances exist under which he is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). *United States v. Ennis*, EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has

4

the burden to show circumstances meeting the test for compassionate release.") (citing *United States v. Stowe*, No. CR H-11-803 (1), 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019)); *United States v. Wright,* Crim. Action No. 16-214-04, 2020 WL1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute.").

The Government concedes that Holmes' medical reasons establish "extraordinary and compelling circumstances" pursuant to Holmes' medical condition.

### IV.     DANGER TO THE COMMUNITY AND 18 U.S.C. § 3553(a) FACTORS

Although the Government concedes Holmes has established "extraordinary and compelling circumstances", it maintains Holmes has not demonstrated that he is not a danger to the safety of any other person, or to the community, and that his release is consistent with 18 U.S.C. 3553(a) factors. This Court agrees.

####     1.     Danger to the Community

The Court must also consider whether Holmes remains a danger to the community. The Court must consider whether a prisoner remains a danger to the community before granting compassionate release, as required by U.S.S.G. § 1B1.12(2), which refers to 18 U.S.C.§ 3142(g). Furthermore, 18 U.S.C. § 3582 and the policy statement require the Court to consider the sentencing factors set forth in 18 U.S.C. § 3553(a).

Section 3142(g) sets out the factors courts must consider in deciding whether to release a defendant pending trial. The factors to be considered in weighing a petitioner's danger to the community include "the nature and circumstances of the offense charged," "the history and characteristics of the person," including "the person's character, physical and mental condition, family ties, ... community ties, past conduct, history relating to drug or alcohol abuse, [and] criminal

5

history," and "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." Similarly, § 3553(a), which sets forth the factors to consider in initially imposing a sentence, requires the Court to consider:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant; [and]

(2) the need for the sentence imposed –

    A. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    B. to afford adequate deterrence to criminal conduct; [and]

    C. to protect the public from further crimes of the defendant;…

Holmes has a lengthy criminal history. Holmes had 3 battery convictions, 1 conviction for felony possession of a firearm, 5 prior drug offenses (2 of which involved either distribution or attempted distribution) and at the time of sentencing also had a pending charge of battery of his pregnant girlfriend. As a result of his criminal history, Holmes was categorized as a criminal history category VI offender.

Holmes has completed less than 50% of his sentence. Holmes was on supervised release for another drug crime when he committed the present crime. He received an additional 32 months for the violation. Holmes has only served 52 months of his total of 107-month sentence.

Therefore, Holmes has not demonstrated that he will not pose a danger to the community if released. Additionally, in examining the 18 U.S.C. § 3553(a) factors, to reduce Holmes' sentence would not reflect the seriousness of the offense, would not promote respect for the law, and would not afford adequate deterrence to criminal conduct.

## V. CONCLUSION

For the above reasons, Defendant Antonio D'Andre Holmes' Motion and Request for Compassionate Release [Doc. No. 32] is DENIED.

Monroe, Louisiana this 21st day of October, 2020.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE